UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
MANUEL AQUAPAN and ADRIAN :
ALVARADO, on behalf of themselves, individually, :
and on behalf of all others similarly situated, :
:
                      Plaintiffs, : **MEMORANDUM AND ORDER**
:
               -against- : 19-cv-06446 (DLI) (RML)
:
SUNSHINE 39 WINDOWS & GLASS, INC., :
and LIM SIEW SENG, :
:
                      Defendants. :
----------------------------------------------------------------x

**DORA L. IRIZARRY, U.S. District Judge:**

       Defendants Sunshine 39 Windows & Glass, Inc. and Lim Siew Seng ("Defendant Seng") (collectively, "Defendants") seek an order pursuant to Federal Rule of Civil Procedure 55(c) ("Rule 55(c)") vacating and setting aside the default judgment entered against them by this Court on September 14, 2021. Defs.' Mot. to Vacate, Dkt. Entry No. 33; Decl. in Support of Defs.' Motion to Vacate Default Judgment ("Defs.' Mot."), Dkt. Entry No. 34; Exhibits in Support, Dkt. Entry No. 35. Plaintiffs Manuel Aquapan ("Aquapan") and Adrian Alvarado ("Alvarado") (collectively, "Plaintiffs") opposed the motion. Mem. of Law in Opp'n to Defs.' Mot. to Vacate ("Pls.' Opp'n"), Dkt. Entry No. 37. For the reasons set forth below, Defendants' motion to vacate is granted.

**Background**

       Aquapan filed this action, on behalf of himself and similarly situated individuals, on November 14, 2019 alleging that Defendants failed to pay wages due under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). Defs.' Mot. ¶ 3; Complaint ("Compl."), Dkt. Entry No. 1. On April 29, 2020, Aquapan filed an Amended Complaint adding

Alvarado as a named Plaintiff. Amended Complaint ("Am. Compl."), Dkt. Entry No. 12. As Defendants did not respond to Plaintiffs' Amended Complaint, a Certificate of Default against the Defendants was filed on November 2, 2020. Entry of Default, Dkt. Entry No. 20.

On January 13, 2021, Plaintiffs moved for default judgment and damages with no response from Defendants. *See*, Dkt. Entry Nos. 24-27. On August 23, 2021, the Honorable Robert M. Levy, U.S. Magistrate Judge of this Court, issued a Report and Recommendations ("R&R") on the motion. R&R, Dkt. Entry No. 28. On September 9, 2021, this Court adopted the R&R, granting the motion. Electronic Order dated September 9, 2021. On September 14, 2021, the Clerk of the Court entered the default judgment against the Defendants. Default Judgment, Dkt. Entry No. 31. On December 16, 2021, Defendants filed the instant motion to vacate the default judgment pursuant to Federal Rule of Civil Procedure 55(c) contending that their default was not willful, a meritorious defense exists, and Plaintiffs will not be prejudiced by the vacatur.

**Legal Standard**

Default judgments generally are disfavored due to the principle that cases should be decided on their merits. *See*, *United States v. Cirami*, 563 F.2d 26, 33 (2d Cir. 1977). At the same time, in the interest of the finality of judgments, a reversal of a default judgment is only appropriate in limited circumstances. *See*, *Id*. ". . . [W]hen doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). Rule 55(c) permits a court to set aside an entry of default for "good cause shown" or a final default judgment in accordance with Federal Rule of Civil Procedure 60(b) ("Rule 60(b)"). *See*, Fed. R. Civ. P. 55(c). As there is a final default judgment in this case, this Court only can set aside the default judgment pursuant to

2

Rule 60(b).

"[Rule 60(b)] permits a [c]ourt to 'relieve a party . . . from a final judgment, order, or proceeding' for certain enumerated reasons, or for 'any other reason that justifies relief.'" *Polit v. Glob. Foods Int'l Corp.*, 2016 WL 632251, at *1 (S.D.N.Y. Feb. 17, 2016); Fed. R. Civ. P. 60(b). Defendants bring their petition under subsections (1) and (4), which permit vacatur of a default judgment for, in pertinent part, "(1) excusable neglect. . . or (4) [because the] judgment is void." *See*, Fed. R. Civ. P. 60(b).

In the context of vacating a default judgment pursuant to Rule 60(b)(1), "courts have gone beyond the bare wording of the rule and established certain criteria which should be considered in deciding whether the designated standards have been satisfied." *Davis v. Musler*, 713 F.2d 907, 915 (2d. Cir. 1983). A court's determination must be guided by three principal factors: (1) whether the default was willful, (2) whether the defendant demonstrates the existence of a meritorious defense, and (3) whether, and to what extent, vacating the default will cause the nondefaulting party prejudice. *State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 166-67 (2d Cir. 2004) (internal quotation marks and citations omitted).

"A finding of willfulness is appropriate where 'there is evidence of bad faith' or the default arose from 'egregious or deliberate conduct.'" *HICA Educ. Loan Corp. v. Feintuch*, 2013 WL 1898997, at *4 (E.D.N.Y. May 7, 2013) (citing *Holland v. James*, 2008 WL 3884354, at *2 (S.D.N.Y. Aug. 21, 2008) (quoting *Am. Alliance Ins. Co., Ltd. v. Eagle Ins. Co.*, 92 F.3d 57, 60-61 (2d. Cir. 1996))). "Courts should resolve any doubt about a defendant's willfulness in his favor." *Id*.

3

**Analysis**

Defendants assert their default was not willful, but rather caused by serious family medical emergencies beginning with Defendant Seng's husband's hospitalization and extended aftercare in January 2020 and their minor daughter's emergent brain surgery and aftercare in November 2020. Defs.' Mot. ¶¶ 10-14, 31. To make matters worse, Ms. Seng's husband tested positive for the COVID-19 virus twice requiring his self-quarantine. *Id.* at ¶¶ 15-16. At all times, Ms. Seng was responsible for the care of her husband and daughter, the latter of whom continues to suffer from her neurological illness that keeps resurging. *Id.* at ¶¶ 17-20. These medical emergencies are well documented by the numerous medical reports attached as exhibits to Defendant Seng's declaration. *See*, Declaration of Defendant Seng ("Seng Dec'l"); Exhibits A-G, Dkt. Entry No. 35. Defendant Seng expresses her intent to "act[] on this lawsuit" and claims that she mistakenly assumed she can postpone her response to the Amended Complaint due to her daughter's serious medical condition. Seng Dec'l ¶ 33. Plaintiffs argue that Defendants' default was willful based on the fact that Defendant Seng acknowledged service of the Amended Complaint. Pls.' Opp'n at 5-6.

Drawing all inferences in favor of the Defendants, the Court finds that, given these extraordinary circumstances and the relatively short three (3)-month delay between the entry of default and Defendants' motion to vacate, the default was not willful. *Feintuch*, 2013 WL 1898997, at *4 (E.D.N.Y. May 7, 2013) (defendant's default was not willful based on his minor daughter's serious medical issues as well as the recent passing of his father); *Murray Engineering, P.C. v. Windermere Properties LLC*, 2013 WL 1809637, at *4 (S.D.N.Y. Apr. 30, 2013) (finding that where defendant's counsel's son was suffering from severe medical issues and the failure to

answer was not a strategic decision, defendant's conduct, while "undoubtedly negligent," did not rise to the level of willfulness); *Aetna Life Ins. Co. v. Licht*, 2004 WL 2389824, at *4 (E.D.N.Y. Oct. 25, 2004) (finding that defendants' default was not willful when the default was caused, in part, by illnesses afflicting both defendants' attorney and his family).

Defendants further contend that they have a meritorious defense to Plaintiffs' claims. "In order to make a sufficient showing of a meritorious defense in connection with a motion to vacate a default judgment, the defendant need not establish his defense conclusively, but he must present evidence of facts that, if proven at trial, would constitute a complete defense." *State St.*, 374 F. 3d at 167. However, "a defendant seeking to vacate an entry of default must present some evidence beyond conclusory denials to support his defense." *Diakuhara*, 10 F.3d at 98. "Indeed, in the context of a motion to vacate a default, a defense that the parties were properly paid constitutes a 'meritorious defense.'" *MD Produce Corp. v. 231 Food Corp.*, 304 F.R.D. 107, 110 (E.D.N.Y. 2014) (citing *Addison v. Reitman Blacktop, Inc.*, 272 F.R.D. 72, 81 (E.D.N.Y. 2010); *Franco v. Ideal Mortg. Bankers, Ltd.*, 2010 WL 3780972, at *3 (E.D.N.Y. Aug. 23, 2010) (holding that the defense that "the employees were paid all wages due to them under FLSA" constituted a meritorious defense for the purposes of vacating an entry of default)).

Plaintiffs allege that Defendants, *inter alia*, failed to pay them overtime in accordance with the overtime provisions of the FLSA and NYLL. *See generally*, Am. Compl. In support of their contention that a meritorious defense exists, Defendants proffer the declaration of Defendant Seng where she states that Plaintiffs exaggerate the years they worked for Defendants as well as the number of hours worked during those years. Seng Dec'l ¶¶ 36-42. Defendant Seng further claims she can produce witnesses and other evidence directly in support of her contentions. *Id*.

5

Plaintiffs argue Defendants lack a meritorious defense because "Defendants offer nothing more than conclusory statements in support of their stance that they have a meritorious defense." Pls.' Opp'n at 8.

In essence, Defendants' contend that Plaintiffs were properly paid under the FLSA and NYLL as no overtime pay was due to them. Moreover, Defendant Seng submits a sworn declaration stating as such and claiming that she can produce witnesses and evidence that directly support Defendants' contentions. This is more than a conclusory denial. Plaintiffs argue that this is not a meritorious defense that speaks to liability, but rather as to the issue of damages only. Pls.' Opp'n at 4. However, as mentioned above, as this is in the context of a motion to vacate a default, the defense that Plaintiffs were properly paid constitutes a "meritorious defense." *MD Produce Corp.*, 304 F.R.D. at 110. Thus, the Court finds that the Defendants have presented a meritorious defense weighing in favor of vacating the default judgment.

Defendants claim that vacating the default judgment would not prejudice Plaintiffs as it will not result in any evidentiary issues nor afford a greater opportunity for fraud or collusion. Defs.' Mot. ¶ 35. Plaintiffs are silent on the issue. "Prejudice results when delay causes 'the loss of evidence, creates increased difficulties of discovery or provides greater opportunity for fraud or collusion.'" *MD Produce Corp.*, 304 F.R.D. at 110. "A plaintiff may demonstrate prejudice by showing that his ability to pursue the claim has been hindered since the entry of the judgment or by the loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment." *Addison*, 272 F.R.D. at 82.

Plaintiffs do not specify what prejudice, if any, they would suffer in the event the default judgment is vacated. Indeed, they remained silent on this issue, in all likelihood because there is

none. The uniqueness of the circumstances presented here cannot be overstated. Defendants have documented well their tragic health struggles beginning with Ms. Seng's husband and then their minor daughter, in the midst of the COVID-19 pandemic where hospitals barely could manage to provide health care to COVID patients and "regular" care nearly was nonexistent except for the most urgent of cases, which the situation of the daughter clearly presented. The administration of justice must be tempered with mercy and compassion because, not only would it visit undue hardship on the defaulting party, but the public would lose faith and trust in the judicial system. Here, the Court finds that vacating Defendants' default is a just result and Plaintiffs would not be prejudiced thereby.

Finally, Defendants contend that the default judgment should be vacated as void as this Court lacked subject matter jurisdiction pursuant to Rule 60(b)(4). This argument lacks merit as this Court has jurisdiction under 28 U.S.C. § 1331 because this action was brought pursuant to the FLSA, a federal statute   Moreover, this Court has supplemental jurisdiction of the state law claims pursuant to 28 U.S.C. § 1367. Nonetheless, the failure of this argument is of no consequence as the Court finds that vacatur of the default judgment pursuant to Rule 60(b)(1) is proper and just under the circumstances of this case.

[REST OF PAGE INTENTIONALLY LEFT BLANK]

**Conclusion**

For the foregoing reasons, Defendants' motion to vacate the default judgment entered against them on September 14, 2021 is granted. The Clerk of the Court is directed to vacate the default judgment and reopen this case. Defendants shall file their answer on or before April 21, 2022 and this matter is referred to the magistrate judge for pretrial proceedings.

SO ORDERED.

DATED:   Brooklyn, New York
         March 22, 2022

                                            _____/s/_____
                                                DORA L. IRIZARRY
                                             United States District Judge